UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

       Plaintiff,

   v.

CARL H. PLUMB,

       Defendant.

NO. CV-06-3068-AMJ

ORDER ADOPTING REPORT AND
RECOMMENDATION

    Magistrate Judge John L. Weinberg filed a report and recommendation on October 26, 2007, recommending that Plaintiff's motion for Summary Judgment be granted, judgment be rendered in favor of Plaintiff and against Defendant for amounts described in the report and recommendation, and Defendant's cross-motion for summary judgment be dismissed as moot.  (Ct. Rec. 67).

    On November 7, 2007, Defendant filed a timely objection to the report and recommendation.  (Ct. Rec. 69).  Plaintiff did not file an objection to the report and recommendation or otherwise respond to Defendant's objections.

///

///

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

A.    Student Loans

        Defendant's objection asserts that there is a genuine dispute that he borrowed $17,000.00 in student loans between 1991 and 1993.  (Ct. Rec. 69 at 1).  Defendant challenges Plaintiff's documentary evidence, the accuracy of the Complaint and the accuracy of Plaintiff's record.  (Ct. Rec. 69 at 1-3).

        Despite Defendant's objections, it is apparent that Magistrate Judge Weinberg appropriately analyzed the record in this case.  Plaintiff has met its burden of demonstrating, by business records, sworn declarations and Defendant's deposition testimony, that Defendant executed three promissory notes in October of 1991, December of 1992, and September of 1993 to borrow a total amount of $17,000.00.  Defendant merely attacks the weight of Plaintiff's evidence and claims to have no independent recollection or documentation of the events at issue.[1]  (Ct. Rec. 46; Ct. Rec. 37-2, Att. A at 7-104; Ct. Rec. 69 at 1-3).

        The undisputed facts reveal that, in the early 1990's, Defendant attended CWU and obtained a master's degree in education.  (Ct. Rec. 37, ¶ 1).  Defendant has acknowledged he obtained a student loan to attend CWU.  (Ct. Rec. 37-2, p. 97).  While Defendant contends that a genuine issue of fact exists as to whether he executed three promissory notes in 1991, 1992 and 1993,

_____

[1] Defendant has not affirmatively asserted that he did not execute the three promissory notes, only that he cannot remember whether he did.  (Ct. Rec. 37-2, Att. A at 33-49).  However, Defendant admits that he made regular payments on his student debt for two years after they entered the repayment period, from January 1995 to April 1997 (Ct. Rec. 46-3, ¶ 76), and that he never disputed the information provided to him regarding his student loans prior to filing for bankruptcy (Ct. Rec. 37-2, Att. A. at 24-25).

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

for a total amount of $17,000.00, the evidence demonstrates that
Defendant executed the three promissory notes and incurred the
obligation to repay the $17,000.00 loan amount, plus interest.
There is no genuine issue for trial with respect to whether
Defendant borrowed $17,000.00 in student loans between 1991 and
1993.  Accordingly, the undersigned agrees with the findings of
Magistrate Judge Weinberg with respect to the student loan debt.
Specifically, Defendant has failed to establish that a genuine
issue of material fact exists as to whether he executed the three
promissory notes.

B.    Discharge

      Defendant argues that Plaintiff is not entitled to judgment
as a matter of law because he provided notice to creditors and was
not required to initiate an adversarial proceeding.  (Ct. Rec. 69
at 6-9).  These arguments relate to Defendant's main assertion
that he is not obligated to repay the loans because they were
discharged in his February 1998 bankruptcy.

      Based on the totality of the record, as thoroughly discussed
in the report and recommendation (*See*, Ct. Rec. 67 at 11-16), the
undersigned judicial officer finds there is no genuine issue that
Defendant incurred these student loans and that they were not
discharged in his February 1998 bankruptcy.  Defendant's student
loans were not discharged in bankruptcy; therefore, Plaintiff is
entitled to summary judgment.

C.    Claimed Defenses

      Defendant has asserted multiple defenses to his obligation to
repay the student loans.  Despite Defendant's objections (Ct. Rec.
///

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

69 at 9-16), it is apparent that the Magistrate Judge appropriately assessed Defendant's claimed defenses to his loan obligation. The undersigned finds that Magistrate Judge Weinberg properly concluded that all defenses raised by Defendant fail to provide justification for defeating Plaintiff's motion for summary judgment, lack validity and are without merit.

D.  <u>Conclusion</u>

Having reviewed the report and recommendation (Ct. Rec. 67) and Defendant's objections to the report and recommendation (Ct. Rec. 69), said report and recommendation is **ADOPTED** in its entirety.

**IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment (**Ct. Rec. 35**) is **GRANTED** and **judgment is rendered in favor of Plaintiff and against Defendant for the amounts described below.**

Plaintiff is entitled to the respective principal amounts of $7,775.11, $4,193.54, and $5,631.95, plus interest accruing at respective rates of 10.00% per annum, 6.10% per annum, and 6.10% per annum. (Ct. Rec. 37-5). Defendant is thus indebted to Plaintiff in the principal amount of $17,600.60, plus interest on the principal, computed at the above per annum rates, in the amount of $12,663.15, for a total amount of **$30,263.75** as of March 2, 2007. (Ct. Rec. 37-4, ¶ 13). Defendant is additionally indebted to Plaintiff for the interest thereafter on the principal, at the rates described above, to the date of judgment, plus a $350.00 filing fee, a $20.00 docket fee, U.S. Marshal's service fees, and post-judgment interest at the legal rate until paid in full. **Judgment shall be entered accordingly.**

1    In light of the foregoing, **IT IS FURTHER ORDERED** that

2  Defendant's cross-motion for summary judgment (**Ct. Rec. 57**) is

3  **DENIED as moot.**[2]

4    **IT IS SO ORDERED.**  The District Court Executive shall enter

5  judgment accordingly, forward a copy of this order to Defendant

6  and counsel and **close the file.**

7

8    **DATED** this ___27th___ day of November, 2007.

9                                      **s/Fred Van Sickle**

10                                     _____
                                       UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  _____

27    [2]Since summary judgment has been granted in favor of
    Plaintiff and the case has been decided in its entirety, the Court
    need not address Defendant's pending motion.  Defendant's
28  objection (Ct. Rec. 69 at 16-20) fails to provide a basis for not
    denying his pending motion for summary judgment as moot.

ORDER ADOPTING REPORT AND RECOMMENDATION - 5